COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Petty and Alston
Argued by teleconference


KIMBERLY F. NEICE

v.     Record No. 1477-09-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROSSIE D. ALSTON, JR.
JUNE 8, 2010


FROM THE CIRCUIT COURT OF GILES COUNTY
Colin R. Gibb, Judge

Richard L. Chidester (Hartley & Chidester, P.C., on brief), for
appellant.

Richard B. Smith, Special Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Kimberly F. Neice (appellant) appeals from two convictions for indecent exposure, in

violation of Code § 18.2-387. On appeal, appellant contends the evidence was insufficient to

establish that her actions had as their dominant purpose an appeal to the prurient interest in sex.

For the reasons that follow, we agree with appellant and reverse her convictions.

I.  BACKGROUND[1]

On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth."

Pryor v. Commonwealth, 48 Va. App. 1, 4, 628 S.E.2d 47, 48 (2006) (quoting Commonwealth v.

Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003)). "Viewing the record through this

evidentiary prism requires us to 'discard the evidence of the accused in conflict with that of the

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] As the parties are fully conversant with the record in this case, and because this
memorandum opinion carries no precedential value, this opinion recites only those facts and
incidents of the proceedings as are necessary to the parties' understanding of this appeal.

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" Cooper v. Commonwealth, 54 Va. App. 558, 562, 680 S.E.2d 361, 363 (2009) (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis omitted)).

So viewed, the evidence showed that appellant was a family friend of twelve-year-old L.S., eleven-year-old J.M., and twelve-year-old D.S.[2] On several occasions, while appellant and the three boys were "joking around," appellant exposed her breasts to the boys.[3] Appellant told the boys they were babies, lifted up her shirt, and said, "Would you want some of Mama Kim's milk?," "[D.S.] loves my ninnies," or "[D.S.] likes my big boobies." Sometimes appellant was wearing a bra when she lifted up her shirt and sometimes she was not. On at least one occasion, she put the boys' heads under her shirt. These incidents occurred at appellant's residence and J.M.'s parents' residence. At least one of the boys' parents was present when each incident occurred.

Appellant was charged with three counts of indecent exposure, in violation of Code § 18.2-387. At appellant's trial, J.M.'s mother testified that the families were always joking and that the boys would "pick at" appellant and appellant would "pick back." J.M.'s mother stated that "a lot of times [the boys] would come in, wanting to go somewhere and do something[;] . . . they were whining and [appellant] was just referring to them as babies." She stated that appellant never made any sexual comments to the children. She further testified that she never told appellant to stop her behavior, but she would say, "Oh Kim, come on," and then try to

---

[2] The evidence showed that appellant also had a daughter around the same age as the three boys.

[3] L.S. testified that he saw appellant's breasts between ten and fifteen times. J.M. testified that appellant exposed her breasts several times but he did not know exactly how many times. D.S. testified that it happened once, but he subsequently described two separate incidents.

change the subject. D.S.'s mother testified that she found nothing inappropriate about appellant's behavior toward her son.

L.S. testified that appellant and the three boys picked on each other a lot. When asked if everyone was "laughing and cutting up" when the exposures occurred, L.S. responded, "Yes." J.M. testified that when the exposures occurred, they were "joking around," as they did frequently. J.M. stated that appellant never said anything of a sexual nature to him. However, the boys said appellant's actions embarrassed them and made them feel uncomfortable.

Appellant admitted to joking with the boys and to pulling up her shirt. She denied that she ever lifted her shirt while she was not wearing a bra. She also denied ever putting the boys' heads under her shirt or saying anything of a sexual nature to any of the children.

The trial court convicted appellant of two counts of indecent exposure, in violation of Code § 18.2-387.[4] This appeal followed.

## II. ANALYSIS

Under well-established principles of appellate review, "[t]he judgment of a trial court . . . will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Morales v. Commonwealth, 31 Va. App. 541, 543, 525 S.E.2d 23, 24 (2000); Code § 8.01-680. The "appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.' Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the

---

[4] Appellant was charged with three counts of indecent exposure, one count regarding her exposure to each child. At the close of the evidence, the trial court sustained appellant's motion to strike the charge of indecent exposure, regarding her actions toward D.S. During his testimony, D.S. admitted that appellant was always wearing a bra when she exposed her breasts to him and the trial court held, "I just don't think there's sufficient evidence to proceed on the charge involving [D.S.]."

- 3 -

crime beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)).

Appellant contends the evidence was insufficient to prove she committed indecent exposure in violation of Code § 18.2-387 because the evidence did not establish that her actions had, as their dominant purpose, an appeal to the prurient interest in sex. Code § 18.2-387 states, "Every person who intentionally makes an *obscene* display or exposure of his person, or the private parts thereof, in any public place, or in any place where others are present, or procures another to so expose himself, shall be guilty of a Class 1 misdemeanor." (Emphasis added).[5] Thus, by its terms, Code § 18.2-387 requires the Commonwealth to prove that appellant's exposure was *obscene*.

"A portrayal of nudity is not, as a matter of law, a sufficient basis for finding that [it] is obscene." Price v. Commonwealth, 214 Va. 490, 493, 210 S.E.2d 798, 800 (1974) (citing House v. Commonwealth, 210 Va. 121, 127, 169 S.E.2d 572, 577 (1969)). What is "obscene" under applicable law has plagued the courts for the last fifty years. In an oft-quoted remark, Justice Potter Stewart noted, "I shall not today attempt further to define the kinds of material I understand to be [obscene] . . . and perhaps I could never succeed in intelligibly doing so. But I know it when I see it . . . ." Jacobellis v. Ohio, 378 U.S. 184, 197 (1964) (Stewart, J., concurring). This quote aptly summarizes the difficulty faced by the Court in obscenity cases.

"'On appeal, we must make an independent determination of the constitutional issue of obscenity, which is a mixed question of law and fact.'" Lofgren v. Commonwealth, 55 Va. App. 116, 119-20, 684 S.E.2d 223, 225 (2009) (quoting Allman v. Commonwealth, 43 Va. App. 104,

---

[5] "Private parts" include not only a person's genitalia, but also one's "'anus, groin, *breast* or buttocks.'" Hart v. Commonwealth, 18 Va. App. 77, 79, 441 S.E.2d 706, 707 (1994) (quoting Code § 18.2-67.10(2)) (emphasis added).

110, 596 S.E.2d 531, 534 (2004)).  The Court must examine the particular circumstances of each case to determine whether an item is obscene.  Id. at 121, 684 S.E.2d at 226.

"Obscene" is defined as,

> that which, considered as a whole, has as its dominant theme or purpose an appeal to the prurient interest in sex, that is, a shameful or morbid interest in nudity, sexual conduct, sexual excitement, excretory functions or products thereof or sadomasochistic abuse, and which goes substantially beyond customary limits of candor in description or representation of such matters and which, taken as a whole, does not have serious literary, artistic, political or scientific value.

Code § 18.2-372.

> Under this definition, . . . three elements must coalesce:  it must be established that (a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value.

House, 210 Va. at 125, 169 S.E.2d at 575; accord Price v. Commonwealth, 213 Va. 113, 115, 189 S.E.2d 324, 326 (1972), vacated and remanded, 413 U.S. 912, aff'd on reh'g, 214 Va. 490, 201 S.E.2d 798 (1974).  Appellant challenges the sufficiency of the evidence to prove her actions had as their dominant theme or purpose a prurient interest in sex.

Defining what constitutes a prurient interest in sex, this Court has held the statute proscribing indecent exposure may be satisfied when:  (1) the defendant admits possessing such intent, Moses v. Commonwealth, 45 Va. App. 357, 359-60, 611 S.E.2d 607, 608 (2005) (*en banc*) (affirming the defendant's conviction based in part on his statement that his underlying motive was "the need to fulfill [his] sex drive"); (2) the defendant is visibly aroused, see Morales, 31 Va. App. at 542, 525 S.E.2d at 24; Copeland v. Commonwealth, 31 Va. App. 512, 515, 525 S.E.2d 9, 10-11 (2000); or (3) the defendant engages in masturbatory behavior in front

- 5 -

of the victim(s), see Moses, 45 Va. App. at 359, 611 S.E.2d at 608; Morales, 31 Va. App. at 542, 525 S.E.2d at 24; Copeland, 31 Va. App. at 515, 525 S.E.2d at 10-11.

However, the totality of the circumstances may also support an inference that the accused had as his dominant purpose a prurient interest in sex, even if none of these factors is present. In Hart v. Commonwealth, 18 Va. App. 77, 78, 441 S.E.2d 706, 706 (1994), Hart entered an office supply store wearing a "G-string" swimsuit covered by short running shorts. While a store clerk was helping Hart locate an item in the store, Hart pulled down his shorts and asked the clerk what she thought of "the whole picture." Id. at 78, 441 S.E.2d at 706-07. Hart's swimsuit covered his genitals but his pubic area and buttocks were exposed. Id. at 78, 441 S.E.2d at 706. Hart told the store clerk that he liked the Velcro on his shorts because it allowed for "easy access to women who wanted him"; however, he denied purposefully taking off his shorts. Id. at 78, 441 S.E.2d at 707. This Court held that based on Hart's "statements, in conjunction with his actions," "[t]he trial court was entitled to conclude that . . . his actions had as their dominant purpose an appeal to the prurient interest in sex as defined in the Code." Id. at 80, 441 S.E.2d at 707.[6]

In the instant case, the question before us is whether appellant had as her dominant purpose "a shameful or morbid interest in nudity, sexual conduct, sexual excitement, excretory functions or products thereof or sadomasochistic abuse." Code § 18.2-372. If the question before us was whether appellant's conduct was indiscrete, bizarre, inappropriate, or in bad taste,

---

[6] The Commonwealth also cites Willis v. Commonwealth, No. 0173-04-2, 2005 Va. App. LEXIS 58, at *8 (Feb. 8, 2005), an unpublished opinion, in which Willis, a transvestite, exposed his augmented breasts and buttocks while "parading up and down a street in an area known for illegal prostitution." Willis exposed his body parts on several occasions for an extended period of time, and made no attempt to cover himself. Id. This Court held that "Willis' conduct was both intentional and done with the purpose of 'appealing to the prurient interest in sex.'" Id. (quoting Code § 18.2-372; citing Hart, 18 Va. App. at 79-80, 441 S.E.2d at 707). In both Willis and Hart, the Court noted that there was no explanation for the defendant's behavior other than the defendant engaged in the behavior with a prurient interest in sex.

it would likely be an easier question for us to resolve. However, our inquiry requires a more challenging examination. Accordingly, we consider the evidence as a whole and the statements appellant made in conjunction with her actions.

The uncontroverted evidence showed that appellant's actions, albeit bizarre, were always done in a "joking" manner.[7] Unlike many of the cases in which the defendant's physical behavior indicates a prurient interest in sex exists, appellant did not exhibit the outward signs of sexual interest, such as visible arousal or masturbatory behavior. See Moses, 45 Va. App. at 359, 611 S.E.2d at 608; Morales, 31 Va. App. at 542, 525 S.E.2d at 24; Copeland, 31 Va. App. at 515, 525 S.E.2d at 10-11. Further, unlike Hart, appellant's statements did not irresistibly lead to the conclusion that appellant's actions were sexual in nature. On the contrary, in context, appellant's statement, "Would you want some of Mama Kim's milk?," corroborated the testimony of appellant, the alleged victims, and their parents, that appellant's action was in response to the children's whining, as if they were babies who needed milk. The alleged victims and their parents testified that appellant's other comments, "[D.S.] loves my ninnies," or "[D.S.] likes my big boobies," were made in the same joking context.

The Commonwealth was required to prove, beyond a reasonable doubt and to the exclusion of "every reasonable hypothesis of innocence," Smith v. Commonwealth, 218 Va. 927, 930, 243 S.E.2d 463, 464 (1978), that appellant's actions had as their *dominant* theme or purpose a prurient interest in sex. The evidence, taken as a whole, simply does not exclude the reasonable hypothesis of innocence suggesting that appellant's actions, although indiscriminate,

---

[7] We do not condone appellant's behavior, and we wholeheartedly agree with appellant's concession at trial and on appeal that she exercised poor judgment. Furthermore, this holding is not meant to suggest that actions similar to these in other contexts or those committed in an attempt to be humorous are always committed without a prurient interest in sex. However, under the circumstances of this case, appellant's *indiscretions* did not rise to the level of criminal culpability sufficient to prove *indecency*.

were not criminal in nature.  There is no evidence whatsoever to support the conclusion that appellant's dominant purpose in exposing her breasts was sexual in nature, or fostered a shameful or morbid interest in nudity, sexual conduct, or sexual excitement.

Accordingly, under the circumstances of this case, appellant's conduct was not "obscene" as a matter of law.  For these reasons, the trial court erred in concluding the Commonwealth proved this element of the offense.

### III.  CONCLUSION

For the foregoing reasons, we conclude the evidence was insufficient to prove appellant exposed herself in an obscene manner, and therefore, insufficient to support her convictions for indecent exposure.  Accordingly, we reverse appellant's convictions.

<u>Reversed and dismissed.</u>